MICHAEL C. ORMSBY
United States Attorney
Tyler H.L. Tornabene
Assistant United States Attorney
Hannah Hadland
Law Clerk
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 17 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM DINSON JR.,<br><br>Defendant. | Case No.: 2:15-PO-00264-JTR<br><br>UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, Tyler H.L. Tornabene, Assistant United States Attorney, and Hannah Hadland, Law Clerk, and Defendant, WILLIAM DINSON JR., and the Defendant's counsel, J. Stephen Roberts, Jr., and Anna Hostetler, Law Clerk, of the Federal Defenders of Eastern Washington and Idaho, agree to the following Unsupervised Pre-Trial Diversion Agreement ("Agreement").

Unsupervised Pre-Trial Diversion Agreement - 1

## CHARGES AND POTENTIAL OUTCOMES

The Defendant is before the Court currently charged by mandatory Notice of Violation # 3315367 (2:15-PO-264-JTR) for Failure To Comply With a Lawful Order, in violation of 36 C.F.R. § 327.24(b).

This offense is a Class B misdemeanor and the Defendant understands that if a conviction occurs, he will be subject to a sentencing which may include no more than six (6) months imprisonment, and/or a $5,000 fine, a $10.00 special penalty assessment, and a $25.00 Central Violations Bureau ("CVB") fee, and/or up to five (5) years probation.

## DEFENDANT'S CONSTITUTIONAL RIGHTS AND WAIVERS

I, WILLIAM DINSON JR., hereby state that I have read this document in its entirety. I understand that, as a condition of my unsupervised pre-trial diversion agreement, I waive the following rights:

1. The right to a speedy and public trial in the place where the crime is alleged to have been committed;

2. The right at to testify on my own behalf;

3. The right at trial to call witnesses to testify for me;

4. The right to present evidence and a defense;

5. The right to appeal a judgment of guilt.

I understand that I am entitled to a trial that would determine whether the United States could prove me guilty of the instant charge beyond a reasonable doubt. I do, voluntarily and with knowledge of the above rights, waive my right to a trial of this case by the Court.

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily waiving these rights.

Unsupervised Pre-Trial Diversion Agreement - 2

## AGREED TO FACTUAL BACKGROUND

In order to prove that the Defendant is guilty if this case were to go to trial, the United States would demonstrate that on July 31, 2015, at around 10:30pm, the Defendant entered the Chestnut Beach Recreation Area in the Eastern District of Washington. The recreational site is an area in which Officer Chris Lorz had authority to enforce the rules and regulations of the Army Corps of Engineers and the federal property within that jurisdiction.

While patrolling the area, Officer Lorz approached a dog aggressively barking at a grounds maintenance contractor. As he drew near the dog, he heard someone, who he could not see in the dark, yelling for the dog to come back. Using a flashlight, Officer Lorz then located the dog and the owner, who was with two other men.

Officer Lorz then informed the men that they were in violation of Title 36 C.F.R. § 327.11 for having their dog off a leash as well as being in a park that closed at 10p.m. Officer Lorz repeatedly asked the three men to sit down and provide him with identification. The men continued to ignore Officer Lorz, disregarding his repeated orders to stop, sit down, and provide him with ID. At this time, the Defendant repeatedly yelled profanity at Officer Lorz and multiple other abusive statements. The men then left the park via a staircase, and the Defendant yelled at Officer Lorz "You're a f***ing rent-a-cop" and "you can't f***ing do anything." All three individuals were stopped and detained by backup from the Clarkston police department. The Defendant continued to be extremely argumentative and disorderly throughout the contact. Officer Lorz then issued the Defendant a citation for violation of 36 C.F.R. § 327.24(b), Failure to Comply With a Lawful Order (Failure to Provide Identification). The Defendant then refused to sign the citation and upon receiving his citation copies, ripped it up,

Unsupervised Pre-Trial Diversion Agreement - 3

stated "I'm not f***ing going to court in Spokane," and threw the citation in a nearby trash can.

Accordingly, the Defendant did in fact violate a lawful order issued by Officer Chris Lorz on July 31, 2015, namely, after failing to provide identification upon request after being informed that he was in violation of 36 C.F.R. § 327. 11.

### WHAT DEFENDANT PROMISES TO DO

1. The Defendant shall pay a ~~fine~~ fee of $100.00 payable by check or money order to the Central Violations Bureau, P.O. Box 71363, Philadelphia, PA 19176-1363 (or payable online at www.cvb.uscourts.gov) and may be paid in installments of no less than $25.00 dollars per month until paid in full. The Defendant shall begin making these payments beginning no later than June 21, 2016. This payment shall be paid in full no later than October 21, 2016.

2. The Defendant agrees to pay the $25 mandatory CVB processing fee to the Central Violations Bureau, at or before or immediately after ~~sentencing~~ signing, and shall provide a receipt from the CVB to the United States as proof of this payment.

3. The Defendant shall perform 75 hours of community service before June 21, 2017. The community service hours performed by the Defendant must be with a 501(c)(3) organization with which neither the Defendant nor his immediate family has any past or current affiliation.

4. Written documentation must be mailed to:

> United States Attorney's Office for the Eastern District of WA
> c/o Hannah Hadland
> Post Office Box 1494
> Spokane, WA 99210-1494

The Defendant, or the attorney on his behalf, must also speak with a law clerk for the Spokane Petty Offense Docket by calling (509) 353-2767 to confirm

that proof of completed community service was received by the United States Attorney's Office.

    5. The Defendant shall complete at least 25 hours of community service by October 1st, 2016. The Defendant shall have a total of at least 50 hours of community service completed by January 1st, 2017. The remaining hours of the 75-hour community service requirement should be completed no later than June 21, 2017. The Defendant shall also provide the U.S. Attorney's Office for the Eastern District of Washington with written documentation as proof of the completed community service by these aforementioned dates. Written documentation must include the name, signature, and contact information of the supervisor.

    6. The Defendant shall not enter the Chestnut Beach Recreation Area until June 21, 2017.

    7. The Defendant agrees to attend the Quality Behavioral Health Anger Management assessment offered in Clarkston, Washington.

    8. Based on the evaluation made at this initial assessment, the Defendant agrees to attend any and all classes that are determined necessary by the initial assessment.

    9. The Defendant agrees to pay for the Anger Management class in full.

    10. The Defendant agrees to submit class certification, signed by the Quality Behavioral Health professional that facilitated the Defendant's anger management classes. The certification must attest to the fact that the Defendant did in fact complete the classes and complied to the obligations set forth in the initial assessment.

11. The Defendant agrees to submit a formal apology letter to Officer Lorz regarding his offensive statements that are aforementioned in the Agreed to Factual Background. The Defendant shall mail this letter to:

    Attn: Natural Resource Specialists of Army Corps of Engineers
    U.S. Army Corps of Engineers
    Lower Granite Natural Resource Office
    100 Fair Street
    Clarkston, WA 99403

12. The Defendant shall not violate nor be charged with or convicted of any criminal violations under federal, state, or local law before this cause is dismissed without prejudice, or judgment is entered, per the terms of this Agreement. Civil and Non-Criminal Traffic Infraction violations will not constitute a violation of this Agreement.

13. The Defendant agrees to report any potential violation of the conditions listed below to the United States Attorney's Office for the Eastern District of Washington through his attorney within three (3) business days of the potential violation. This communication should be done by telephone to (509) 353-2767.

## WHAT THE UNITED STATES AGREES TO DO

If the Defendant complies with all the obligations mentioned above, no prosecution for the conduct set out in the Factual Background section of this Agreement will be instituted in the Eastern District of Washington and the United States agrees to dismiss these charges without prejudice.

## BOTH PARTIES AGREE TO THE FOLLOWING PROCESS

If the Defendant complies with all the obligations mentioned above, no additional prosecution for conduct in the Agreed to Factual Background will be

instituted in the Eastern District of Washington and the United States agrees to dismiss the charge without prejudice.

### BOTH PARTIES AGREE TO THE FOLLOWING PROCESS

1. The Defendant agrees that this case shall be continued until June 21, 2017, and thereafter dismissed, without prejudice upon motion by the United States, provided the Defendant abides by all the conditions and requirements herein outlined.

2. The Defendant understands that if he fails or neglects to comply with any part of the terms and conditions of the Agreement, then the Court will hold a hearing to determine whether judgment should be entered as charged for Failure to Comply With a Lawful Order in violation 36 C.F.R. § 327.24(b). After the hearing, the Court will either order that Defendant continue with the conditions of his unsupervised pre-trial diversion, order additional conditions, or be removed from pre-trial diversion and enter judgment on the charge.

3. Should there be a violation of the terms of this Agreement, however, and the Agreement is revoked, a conviction for the charged offense may be imposed pursuant to the procedures outlined herein. If a conviction occurs, the Defendant understands he will be subject to a sentencing which may include up to 6 months imprisonment and/or a $5,000 fine.

4. The Defendant agrees that if the Court revokes the order granting this unsupervised pre-trial diversion, the facts from the Factual Background above as well as Incident Report, authored by Officer Chris Lorz, and any attachments thereto, will be admissible as evidence to be used to support a finding of guilt when the Court enters judgment. Defendant understands that by agreeing to this process, he is giving up certain Constitutional rights. He specifically acknowledges that he is giving up the right to a trial, the right to testify or not to

testify, the right to question witnesses, the right to call witnesses on his own behalf, and the right to present evidence or a defense.

5. Both Parties agree that the Court has not yet issued any factual findings with regards to a finding of Guilt by the Defendant.

### DEFENDANT'S ACKNOWLEDGEMENT

By entering into this Agreement I understand that I am knowingly, intelligently, and voluntarily waiving these rights. I further understand that by continuing these charges until June 21, 2017, I am agreeing to follow the procedures outlined in this Agreement.

I, WILLIAM DINSON JR., hereby state that I have read this document in its entirety. I understand the conditions of my unsupervised pre-trial diversion and agree that I will comply with those conditions.

_William Dinson Jr_  
WILIAM DINSON JR.  
Defendant

5/17/16  
Date

_[signature]_  
J. Stephen Roberts Jr.  
Attorney for the Defendant

5/17/16  
Date

_[signature]_  
Anna Hostetler  
Law Clerk Defendant

5/17/16  
Date

Unsupervised Pre-Trial Diversion Agreement - 8

_____    5-17-16
Tyler H.L. Tornabene          Date
Assistant United States Attorney

_____    05/17/16
Hannah Hadland                Date
Law Clerk

Unsupervised Pre-Trial Diversion Agreement - 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM DINSON JR,<br><br>　　　　Defendant. | Case No.: 2:15-PO-00264-JTR<br><br>ORDER GRANTING UNSUPERVISED PRE-TRIAL DIVERSION AGREEMENT |

Upon consideration of the parties' Unsupervised Pre-Trial Diversion Agreement, and being fully advised of the facts and circumstances of this case, the Court finds the Defendant has agreed to comply with the terms and conditions of the Unsupervised Pre-Trial Diversion Agreement; that the Court finds the Defendant has acknowledged the admissibility of the stipulated facts and law enforcement reports in any criminal hearing on the underlying offense or offenses held subsequent to revocation of the order granting pre-trial diversion; that the Defendant's statements were made knowingly and voluntarily; and that the Defendant has knowingly and intelligently waived his Constitutional and statutory rights to a speedy trial, to question those witnesses against him, to call witnesses on his behalf, to testify on his own behalf, and to present evidence or a defense at trial.

NOW THEREFORE, IT IS HEREBY ORDERED:

　　1. The Defendant is accepted for unsupervised pre-trial diversion;

2. The Defendant shall comply with all the terms and conditions as set forth in the Unsupervised Pre-Trial Diversion Agreement;

3. If the Court finds that the Defendant violated any term of the Unsupervised Pre-Trial Diversion Agreement, the Court shall make findings pursuant to the procedures outlined in the Agreement.

_____          5-17-16
HON. John T. Rodgers                                  Date
United States Magistrate Judge

Order Granting Unsupervised Pre-Trial Diversion Agreement - 2